**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA | **DEFENDANT'S** |
| | **SENTENCING MEMORANDUM** |
| v. | |
| | Docket No.: 5:20-CR-047 (DNH) |
| LAWRENCE BERRY, | |
| Defendant. | |

## INTRODUCTION

The defendant entered into a written Plea Agreement with the government and duly entered a plea of guilty on July 28, 2021 to the six-count indictment, which charged him with one count of conspiracy to sexually exploit a child in violation of Title 18, United States Code, Sections 2251(a) & (3) and 5 counts of sexual exploitation of a child in violation of Title 18, United States Code Sections 2251(a) & (e) and Title 18, United States Code Section 2. Mr. Berry is scheduled to be sentenced on November 23, 2021 at 11:00 a.m. before The Honorable David N. Hurd. Senior United States Probation Officer Courtney A. Tafel prepared a Presentence Investigation Report (PSR). The PSR correctly states the maximum term of imprisonment is 30 years for Counts 1 through 6. The total offense level is 43 and Mr. Berry's criminal history category is I. The guideline imprisonment is 180 years. This sentencing memorandum is submitted on behalf of Mr. Berry to assist the Court's review of the sentencing guidelines.

## ARGUMENT

### I.   Application of the guidelines

As the Court is aware, after *United States v. Booker, 125 S.Ct. 738 (2005)*, the United States Sentencing Guidelines no longer have mandatory supremacy in the calculation of a Defendant's sentencing but are to be considered along with the controlling statutory authority of 18 U.S.C. § 3553(a). The Court is obligated to impose a sentence sufficient, but not greater than necessary, to comply with the following non-exclusive list of policy concerns:

1

a.  The nature and circumstances of the offense and the history and characteristics of the defendant;

b.  The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; *and* to afford adequate deterrence to criminal conduct; *and* to protect the public from further crimes of the defendant; *and* to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

c.  The kinds of sentences available;

d.  The kinds of sentence and the sentencing range established by the Sentencing Guidelines;

e.  Any pertinent policy statement established by the Sentencing Guidelines;

f.  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

g.  The need to provide restitution to any victims of the offense;

**II.    18 U.S.C. § 3553(a) application to the facts and circumstances of this case**

**Circumstances of Offense**

On or about August and September 2018, Mr. Berry conspired with Brittany Berry to use V-1, a minor male born in 2015 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing and having reason to now that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting such commerce, and where the visual depictions would be produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign

2

commerce by any means, including by computer, and where such visual depictions would be actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting such commerce, in violation of Title 18, United States Code, Sections 2251(a) & (e).

On or about August 11, 2018, August 12, 2018, August 19, 2018 and September 2, 2018, Mr. Berry did use, and aid, abet, counsel, command, induce, and procure the use of V-1, a minor male born in 2015, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing and having reason to now that such visual depictions of such conduct, knowing and having reason to know that such depictions would be transported and transmitted using a means and facility of interstate or foreign commerce and in and affecting such commerce, and where the visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and where such visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting such commerce, in violation of Title 18, United States 2251(a) & (c) and Title 18, United States Code, Section 2.

Mr. Berry requested that Brittany Berry send him sexually explicit photographs and videos of Ms. Berry and their son, V-1. Ms. Berry complied with his request on five separate occasions. Ms. Berry has entered a plea under Criminal Number 5:19-CR-343 and is scheduled to be sentenced in December 2021.

### History and Characteristics of the defendant

Mr. Berry was raised by his grandparents, had minimal contact with his mother and no contact with his father. Mr. Berry has five half-siblings and is not in contact with his siblings. During his presentence interview, Mr. Berry denied being the victim of child abuse or sexual abuse. Mr. Berry's mother, Josana Berry, is an alcoholic who abandoned Mr. Berry and his siblings when they

3

were children. In her interview with probation, Mr. Berry's mother admitted to "touching" her children, In addition, Ms. Berry had a child with her own father. It is apparent that there may be sexual disfunction in this family.

In 2017, Mr. Berry was diagnosed with adjustment disorder. According to Johns Hopkins Medicine, adjustment disorders is "[a]n emotional or behavioral reaction to a stressful event or change in a person's life. The reaction is considered an unhealthy or excessive response to the event or change within three months of it happening." [i]

**Sentence imposed to reflect the seriousness of offense, promote respect for the law and provide punishment for the offense, adequate deterrence and protect the public**

a.      The statutory minimum term of imprisonment of 15 years is a just sentence

As stated above, Mr. Berry's criminal history category is I. His criminal history score, however, is 0. As a first-time offender, a guideline prison sentence of 180 years is too severe.

Pursuant to U.S.S.G § 5K2.20, a downward departure may be warranted in an exceptional case if (1) the defendant's criminal conduct was committed without significant planning, was of limited duration and represents a marked deviation by the defendant from an otherwise law-abiding life.

Other circumstances to consider in determining whether the court should depart under this policy statement, the court may consider the defendant's mental and emotional conditions, employment record, record of prior good works, motivation for committing the offense and efforts to mitigate the effects of the offense.

**Sentence imposed on co-conspirators**

Brittany Berry is scheduled to be sentenced on December 16, 2021 in United States District Court of the Northern District of New York. The plea agreement Ms. Berry signed on or about

September 17, 2019 agreed to waive her right to appeal any sentence to a term of imprisonment of 293 months or less. Brittany Berry is the individual who committed these crimes against V-1. Mr. Berry requested that Ms. Berry commit these crimes. Any sentenced imposed on Mr. Berry should be less than any sentence imposed on Ms. Berry.

## **CONCLUSION**

Lawrence Berry admitted to authorities that he conspired with Brittany Berry to sexually exploit their child. There was no real financial loss and Lawrence will have to overcome the stigma of having felonies on his record for the rest of his life. A sentence of 15 years is sufficient.

Dated:  November 19, 2021

Respectfully submitted,

*/s/ William C. Sullivan*

WILLIAM C. SULLIVAN, ESQ.
Attorney for Lawrence Berry
Bar Roll Number: 502175
Office and Post Office Address
109 South Warren Street, Suite 400
Syracuse, New York 13202

---

[i] *Adjustment disorders*. Johns Hopkins Medicine. (n.d.). Retrieved November 2, 2021, from
    https://www.hopkinsmedicine.org/health/conditions-and-diseases/adjustment-disorders.